379 A.2d 884

**COMMONWEALTH of Pennsylvania**

v.

**Rose L. KOSTKA, Appellant.**

Supreme Court of Pennsylvania.

Argued March 14, 1977.

Decided Oct. 31, 1977.

Goldberg & Wedner, Mark J. Goldberg, Pittsburgh, for appellant.

Graham C. Showalter, Lewisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was indicted for felony aggravated assault and for misdemeanor aggravated assault.[1] On December 27, 1974, a jury found appellant guilty on the misdemeanor charge. The court sentenced appellant on April 28, 1975, to six to twenty-four months imprisonment at the Industrial Home for Women at Muncy. On May 23, 1975, the sentencing judge modified the original sentence to six to twenty-three months in Union County Jail. Appellant appealed to

1. 18 Pa.C.S.A. § 2702 (1973).

the Superior Court which affirmed in a per curiam order. We granted allocatur.[2]

Appellant contends that her sentence of total confinement should be vacated because it is manifestly excessive. She also asserts that no reasonable explanation was given for imposing a sentence of total confinement, and that the sentence is contrary to Pennsylvania's statutory sentencing guidelines, 18 Pa.C.S.A. §§ 1321 et seq. (Supp.1977). We agree that the trial court failed to articulate a reason for the sentence imposed, reflecting due consideration was given to the statutory sentencing guidelines. We therefore vacate judgment of sentence and remand for resentencing.[3]

Two police officers stopped a van in which appellant was a passenger because the driver, appellant's boyfriend, made an illegal "U"-turn. A struggle between the driver and the two police officers developed. At first, appellant remained in the van. Later, she got out of the van and began pleading with the officers to stop hitting the driver. After her protestations failed, appellant struck one officer once on the back with a stick[4] and kicked the other officer as he attempted to handcuff her. Appellant was arrested without further incident. Neither officer was seriously injured.[5]

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977).

3. Because we vacate and remand for resentencing on this ground, we need not address appellant's claim that the sentence imposed is manifestly excessive.

4. The record indicates that the stick was a nun-chukas, an instrument used in practicing martial arts. The record also indicates that the nun-chukas did not belong to appellant, but that she picked it up from the ground where it had earlier been dropped.

5. The officer struck on the back testified he suffered one minor bruise. The other officer claimed the leg pain and disability he later experienced was caused by appellant's kick. However, the record does not support this claim since the officer had several related pre-existing injuries and no medical testimony was presented to establish causation. Indeed, the jury acquitted appellant of the felony aggravated assault charge which differs from the misdemeanor assault charge only in the seriousness of the bodily injury which results.

At the first sentencing proceeding, appellant's trial counsel argued that, under the new Sentencing Code, 18 Pa.C. S.A. §§ 1321 et seq. (Supp.1977), probation would be appropriate in light of the circumstances of the offense, appellant's background, and her potential for rehabilitation. The record indicates appellant accepted the blame for her conduct. Prior to trial, she offered to plead guilty to the misdemeanor assault charge, the offense for which she was later convicted; the Commonwealth insisted on going forward with the felony assault charge. Appellant showed remorse during her testimony. She had no prior criminal record nor any involvement with drugs or alcohol. She was attending a community college at the time of the incident. The parole investigator who prepared the pre-sentence report said appellant "was cooperative and answered all questions sincerely."

Appellant's counsel made specific reference to the provisions in the Sentencing Code which favor probation.[6] In

**6.** 18 Pa.C.S.A. § 1322 (Supp.1977) provides:
The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:
(1) The criminal conduct of the defendant neither caused nor threatened serious harm.
(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.
(3) The defendant acted under a strong provocation.
(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.
(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.
(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.
(10) The defendant is particularly likely to respond affirmatively to probationary treatment.
(11) The confinement of the defendant would entail excessive hardship to him or his dependents.
(12) Such other grounds as indicate the desirability of probation.

addition, at the sentencing modification proceeding, appellant's counsel directed the court's attention to 18 Pa.C.S.A. § 1321(b) (Supp.1977) which provides:

"In selecting from the alternatives set forth in subsection (a) of this section the court shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant."

Despite counsel's argument and the existence of the statutory sentencing guidelines, the court sentenced appellant to a minimum of six months imprisonment and possible imprisonment of nearly two years. Appellant asserts, and the record reflects, that the trial judge failed to articulate reasons for the sentence imposed reflecting "weight" was accorded the statutory guidelines for sentencing.

"By the Court: I just can't imagine this happening. I can't imagine any young person that has lived in a free society such as the United States has to offer in a violation of this kind. A simple motor vehicle violation where your friend was just served with a citation. This would have meant if he would have had any complaint it could have been handled in a very democratic way. He could have had his day in court and would not have been involved in any way other than a possible fine, more than likely. . . . And yet both you and he, not only was this a matter of complaining to law enforcement officers, this was an act of violence toward them. I just can't imagine this. *And I can't understand your boyfriend. That is my concern. I know very little about you.* . . The fact that you have not been involved with the law would lead me to believe that you could use your good judgment in respect to what happened on that day. I am not saying you might not have been disgusted, the fact your friend was being arrested, but to turn on a law

enforcement officer is a mystery to me. And since it is, I know of no other solution but to punish you for it. I see no reason whatsoever.

.    .    .    .    .

I feel I have no alternative in this regard. I have to do it, because I must admit everything that has happened since this would lead me to believe Miss Kostka is not this kind of person. But, I can't imagine anyone doing this. It hasn't any sense at all.

.    .    .    .    .

I just can't, I don't know what you would do at some future time. I just can't. Well, I simply can't tolerate what you did  .    .    ." (emphasis added)

As these comments indicate, the trial court did not consider the relevant statutory provisions designed to guide its discretion. Although the probation guidelines in the Sentencing Code do not exclusively control the discretion of the trial court, the Code mandates that the grounds listed be "accorded weight." 18 Pa.C.S.A. § 1322 (Supp.1977). Nowhere in the record of the sentencing proceedings does it appear that the trial court considered these grounds. Nor did the trial court consider the section of the Sentencing Code governing situations where total, as opposed to partial, confinement is appropriate.[7] Moreover, from the discussion which does appear on the record, it seems that the trial court improperly considered the conduct of the driver, appellant's

7.   18 Pa.C.S.A. § 1325 (Supp.1977) provides:
   "The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
      (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
      (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
      (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

boyfriend, in imposing the sentence of total confinement upon appellant.[8]

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion), this Court considered important principles guiding the imposition of sentence. In *Riggins*, we held that a trial judge must articulate the reasons for the sentence selected and enumerated the reasons favoring such a requirement. Although, unlike the present case, the imposition of sentence in *Riggins* preceded the effective date of the new Sentencing Code, we there stated:

"The Legislature, in recognizing the need for sentencing guidelines, has enacted the Sentencing Code. Section 1321(a) of the Code provides for five possible dispositions-probation, guilt without further penalty, partial confinement, total confinement, and a fine. The Legislature has adopted the following basic policy to guide the trial court in imposing sentence: '[T]he sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative need of the defendant.' The Legislature has also enumerated specific factors which the trial court should consider in determining which of the five possible dispositions is appropriate for a particular defendant. These factors provide the sentencing court with guidelines for the articulation of the reasons for its sentencing decision. Absent a statement of reasons, the record will not reveal whether the legislatively mandated factors have been considered." (footnotes omitted)

Id. 474 Pa. at ——, 377 A.2d at 149–50. See generally American Bar Association Project on Minimum Standards

---

8. Clearly, it would be improper to sentence appellant on the basis of her boyfriend's conduct. Likewise, it would be improper to sentence appellant solely on the basis of her conduct without considering the mitigating and extenuating circumstances. It is well-established in Pennsylvania that a trial court must consider a defendant's background, individual characteristics, and relative culpability or prospects for rehabilitation prior to imposing sentence. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Yet appellant's conduct and the conduct of her boyfriend are the only two considerations which appear on the record.

for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968).

Here the record does not reveal whether "the legislatively mandated factors have been considered." We therefore vacate the judgment of sentence and remand the case to afford the trial court an opportunity to consider the legislatively pronounced guidelines and to resentence appellant accordingly, including in the record a statement of reasons for the sentence imposed.

Judgment of sentence vacated and case remanded.

POMEROY, J., filed a concurring and dissenting opinion.

NIX, J., filed a dissenting opinion.

POMEROY, Justice, concurring and dissenting.

For the reasons stated in my concurring and dissenting opinion in the case of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), I do not join in the opinion of the majority. My reading of the record, however, indicates that the lower court failed to comply with the mandates of Pa.R.A.P 1925(a)[1] and I therefore agree that the sentence must be vacated and the case remanded so that the trial court may articulate the reasons for the sentence imposed. See *Commonwealth v. Riggins,* supra (Concurring and Dissenting Opinion of Pomeroy, J.).

NIX, Justice, dissenting.

The majority, in my judgment, is somewhat unclear as to the precise reason for its conclusion that a concededly legal sentence imposed in the instant matter should be vacated. It appears to argue that the defect springs from the trial

1. Pa.R.A.P. 1925(a) provides as follows:
    "(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found."

judge's failure to articulate his reasons for the sentence imposed. Proceeding from this premise the majority implicitly concludes that the trial court *did not in fact consider* the relevant statutory sentencing guidelines.[1]  I disagree with the validity of the initial premise and also with the conclusion sought to be drawn therefrom.  I therefore dissent.

The undisputed facts established that the appellant attacked two uniformed police officers while they were in the performance of their duties.  It is also conceded that appellant struck one of the officers with a nun-chukas, the equivalent of a large night stick, and kicked the second officer in the groin.  The jury, after weighing the evidence, found the defendant not guilty of the felony of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1) and (2), but did convict her of the misdemeanor, 18 Pa.C.S.A. § 2702(a)(3) and (4).  The maximum sentence allowed under a conviction of the misdemeanor, aggravated assault, is five years imprisonment, 18 Pa.C.S.A. § 1104(1).  After the jury returned the finding of guilty, the trial court imposed a sentence of not less than six months nor more than 23 months in the county jail.

The criticism of the court's failure to articulate its reasons, on the record, for the sentence imposed is clearly unjustified.  Until this Court's decision in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140, (Filed August 17, 1977) (plurality opinion), which was handed down after the sentencing in this matter,[2] there was no requirement that a court should state on the record its reasons for the sentence imposed.  While the *Riggins* rule is a salutary one and will obviously enhance the quality of appellate review of sentences, it was never intended to apply to trials preceding its announcement.  The application of the *Riggins* rule to a sentencing which preceded the rule by almost two years can only lead to chaos within the criminal justice system.

Equally invalid is the implicit assumption of the majority that the court's failure to articulate its reasons suggests that

1.  18 Pa.C.S.A. § 2702 (1973).

2.  The final sentence was imposed on May 23, 1975.

the trial court ignored the relevant statutory sentencing guidelines. I also do not believe that the portion of the colloquy quoted in the majority opinion is indicative of the fact that the court was not mindful of these guidelines. Additionally, I do not subscribe to the belief that it can fairly be said that in view of the nature of the crime, the sentence imposed, which was far below the maximum allowed, was either excessive or unduly harsh.[3]

While I have been a strong proponent of broader appellate review of sentencing, I do not condone an appellate court's interference with the reasonable exercise of the trial court's sentencing discretion. I am reluctantly forced to conclude that in the instant case the majority's position is but a thinly-veiled attempt to superimpose its judgment as to the appropriate sentence upon the court below. For that reason, I most strenuously voice my objection.

---

**3.** The majority mentions several factors that it considers to be in mitigation. Included is the fact that neither officer sustained serious bodily injury as a result of the attack. It is clear however, that these circumstances were considered by the jury and explains their decision to acquit appellant as to the felony of aggravated assault.