422 A.2d 894

**COMMONWEALTH of Pennsylvania**

v.

**James John O'BRIEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Nov. 21, 1980.

Angelo P. Arduini, Assistant Public Defender, Erie, for appellant.

Michael M. Palmisano, Assistant District Attorney, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

This appeal involves the issue of whether, in imposing sentence, the lower court complied with the requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

On or about February 27, 1978, appellant and four juveniles stole a 1967 Ford vehicle from Martin Ford, Inc. Together they drove to the Security People's Trust Company in Millcreek, Pennsylvania. Appellant entered, pointed a small caliber handgun at two female tellers and proceeded to rob them of $1,800. Appellant was arrested on March 28, 1978 and pled guilty to one count of Robbery, one count of Crimes Committed With Firearms, and Unauthorized Use of Vehicle. On August 16, 1978, the Honorable Lindley R. McClelland sentenced appellant to a term of imprisonment of not less than 9 years nor more than 18 years. Petition for Reconsideration of Sentence was filed by appellant on August 18, 1978. After argument, appellant's petition was denied. This appeal followed.

Appellant contends that his sentence should be vacated and the case remanded to the trial court for resentencing because the lower court failed to state its reasons for the sentence on the record.

 The Pennsylvania concept of indeterminate sentencing requires "an implicit adoption of the philosophy of individual sentencing." *Commonwealth v. Valentin*, 259 Pa. Super. 496, 393 A.2d 935 (1978), *Commonwealth v. Martin*, 466 Pa. 118, 130, 351 A.2d 650, 656 (1976). It is the trial judge who is best able to weigh the varying factors of each individual case and determine a fair and just sentence. He must have broad discretion to do so and, as such, his decision will only be overturned if that discretion is clearly abused. *Commonwealth v. Valentin*, supra, *Commonwealth v. Martin*, supra. To assist in the proper exercise of judicial discretion in sentencing, the legislature promulgated guidelines in the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. § 1321(b), (Supp. 1977). Under the Sentencing Code, a sentence must be imposed for the minimum amount of time that is consistent with the gravity of the offense, the rehabilitative needs of the defendant and the protection of the public. *Commonwealth v. Martin*, supra.

 In formulating a sentence which meets the above criteria, the judge must consider the character of the defendant and the particular circumstances of the crime. *Commonwealth v. Roberts*, 263 Pa.Super. 237, 397 A.2d 1187 (1978), *Commonwealth v. Martin*, supra. If the sentence complies with the above requirements, is within the statutory limits for the offense, and the reasons for the sentence are stated on the record, then the judgment of the lower court will be upheld. *Commonwealth v. Riggins*, supra, requires such a statement to assist the appellate court in ascertaining "whether the sentence imposed was based upon accurate, sufficient, and proper information." 474 Pa. at 131, 377 A.2d at 148.

 After careful review of the testimony, and a judicial determination of the true facts relative to the case before him, the trial judge must then articulate the thought process by which he arrives at a particular appropriate sentence. The statement of reasons should reflect consideration of, if not actually include direct reference to, the Sentencing Code guidelines. This court has stated before that:

"[i]t is better practice for the court to include in its statement of reasons for the sentence some reference to the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence." *Commonwealth v. Wareham,* 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978).

■ Herein, the lower court's enunciated rationale consisted solely of the following sentence:

"Your crime was a professional type crime as far as I'm concerned. Whether it's drug–related, alcohol–related, or just pure non–related, it's the type of thing we cannot tolerate."

We must agree with the appellant that the lower court's statement of reason was inadequate. The lower court made no reference to the many factors which he was required to take into consideration pursuant to the Sentencing Code. No mention is made of appellant's prior criminal record, his age, his personal characteristics, or his potential for rehabilitation. The statement of the trial judge does not reflect a thoughtful consideration of any mitigating circumstances surrounding appellant's actions. Moreover, its "brevity and conclusory quality" made this statement fall far short of the demands of *Riggins.* See *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979). Nor was any statement of reasons for the sentence filed by the lower court when reviewing appellant's petition for reconsideration of sentence or with respect to this appeal. See *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978).

■ While the trial court did have the benefit of a pre–sentence report, and did hear extensive testimony from appellant's counsel, appellant himself, and a witness, concerning appellant's background, criminal and work record and drug–related problems, we have held that testimony itself does not fulfill the mandate of *Riggins:*

"[t]estimony, however, and the contents of a pre–sentence report, cannot constitute a statement of *reasons;* they rather constitute only the beginning of the process by which the court formulates its statement of reasons."

*Commonwealth v. Wicks,* supra, 265 Pa.Super. at 313, 401 A.2d at 1227. (Emphasis in the original).

We are not here to speculate upon the trial court's motivation for a particular sentence, and "[w]e must not substitute our thought processes for what may have been the thought processes of the lower court." *Commonwealth v. Wicks,* supra, 265 Pa.Super. at 314, 401 A.2d at 1227.

The sentence is vacated and case is remanded for resentencing.[1]

---

1. Because we reverse and remand for additional reasons to be placed on the record, we need not review appellant's claim that the sentence was excessive and violative of due process. In fact, until we know the reasons why the court imposed the sentence it did, we cannot consider such a claim.