436 A.2d 220

**COMMONWEALTH of Pennsylvania**

v.

**Misael CRUZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 1981.

Filed Oct. 23, 1981.

Stanley M. Vasiliadis, Assistant Public Defender, Bethlehem, for appellant.

Donald B. Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before WICKERSHAM, BECK and McEWEN, JJ.

BECK, Judge:

Appellant pleaded guilty, on a negotiated plea, to Aggravated Assault, 18 Pa.C.S. § 2702(a)(1). The charges arose out of an incident in which appellant entered a restaurant carrying a wooden shovel handle and struck at and hit the victim, causing him contusions on the forearm. Appellant claimed [1] that the victim had threatened him. He claimed, therefore, that he attacked the victim as a preemptive strike, solely out of fear of the victim and his friends.

Appellant was sentenced, on October 10, 1980, to serve a minimum of one and a maximum of three years in a state correctional institution. An Application for Reconsideration of Sentence was denied, and this appeal followed.

Appellant does not challenge the validity of his guilty plea, and appeals solely on the basis of his claim that the sentence is excessive and was not imposed in accordance with the statutory requirements. Appellant asserts that the sentencing judge failed to follow the directive of 42 Pa.C.S. § 9722 directing that weight be accorded certain factors in favor of probation.

The Sentencing Code, 42 Pa.C.S. § 9701 *et seq.* and Chapter 1400 of the Pennsylvania Rules of Criminal Procedure control the procedure by which sentences are imposed.

1. Appellant speaks only Spanish, and the statements quoted as his were made through an interpreter.

Within those confines, it is recognized that the sentencing judge has broad sentencing discretion. *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980) and cases cited therein. If the statutory mandates enacted to assure considered and informed sentencing have been followed, this court may review the sentence only to ensure that there has not been an abuse of the wide discretion accorded the sentencing court. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978). If the sentencing judge did not follow the Sentencing Code, then this court may not guess the result if the obligatory procedures had been followed, and must remand for resentencing. *Commonwealth v. Butch*, 487 Pa. 30, 307 A.2d 1302 (1979); *Commonwealth v. Bryner*, 285 Pa.Super. 305, 427 A.2d 236 (1981).

In the instant case, the sentencing court had before it a comprehensive pre-sentence report and was informed as to circumstances surrounding the crime, the physical and mental condition of the defendant, defendant's showing of a lack of any prior criminal record, and defendant's conduct during the pre-trial period of incarceration. Nonetheless, the only statement made by the sentencing judge as to the basis for sentence was:

> "The reasons for the sentence that I have just imposed are that a lesser sentence would unduly depreciate the seriousness of the offense with which the defendant is charged. Secondly, his conduct ... was of a threatening and violent nature directed at another person."

Under 42 Pa.C.S. § 9721(b) and Pa.R.Crim.P. 1405(b), the sentencing judge is required to "disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." This requirement was enacted following, and in accordance with, the decisions in *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977) and *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). The sentencing judge is required to make public "the thought process by which he arrives at a particular sentence." *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 196, 422 A.2d 894, 895 (1980). The judge's thought

process should demonstrate that the court reflected upon the standards established in the Sentencing Code. His recording of this thought process acts as a safeguard against arbitrary decisions and prevents consideration of improper and irrelevant factors.

 The statement by the sentencing judge in the instant case either fails to inform as to the weight accorded factors individual to the defendant as required by 42 Pa.C.S. § 9721(b) or demonstrates that the only factor given any weight by the sentencing court was the nature of the crime.[2] As has been repeatedly held in this Commonwealth, all of the factors set forth in the Sentencing Code must be given due consideration, and a statement of the consideration given to factors individual to the circumstances of the crime and of the defendant must be made in open court.[3]

Sentence was not imposed upon appellant in accordance with the mandates of the Sentencing Code and of Chapter 1400 of the Pennsylvania Rules of Criminal Procedure. We therefore vacate the judgment of sentence and remand to the lower court for resentencing in accordance with the dictates of the applicable statutes, to be demonstrated by a

2. "In the Sentencing Code, the Legislature established standards for a court to observe when imposing sentence. Section [9722] 'while not controlling the discretion of the court,' lists twelve grounds which 'shall be accorded weight in favor of an order of probation...' Section [9725] directs the court to consider 'the nature and circumstances of the crime and the history, character, and condition of the defendant...' before imposing total confinement." *Commonwealth v. Butch, supra*, 487 Pa. at 32, 307 A.2d 1302. The mere presence in the record of information relating to each of these factors is insufficient to meet the statutory requirement that the sentencing court articulate the reasons for the sentence imposed. See *Commonwealth v. Wicks*, 265 Pa.Super. 305, 313, 401 A.2d 1223 (1979).

3. As in *Commonwealth v. Bryner, supra*, 285 Pa.Super. 309, 427 A.2d at 238, "given the paucity of facts in the instant case, we cannot effectively treat appellant's claim that the sentences were excessive." *To do so would require this court* "to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court." *Commonwealth v. Wicks, supra*, 265 Pa.Super. at 314, 401 A.2d 1223.

statement in open court as to the reasons for sentence imposed.