440 A.2d 627

**COMMONWEALTH of Pennsylvania,**

v.

**Peggy Jean KRAFT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1981.

Filed Jan. 29, 1982.

John R. Merrick, Public Defender, Charles M. J. Nester, Assistant Public Defender, West Chester, for appellant.

James Freeman, District Attorney, West Chester, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and BECK, JJ.

BECK, Judge:

Appellant Peggy Jean Kraft pleaded guilty to the charge of arson in the first degree, 18 Pa.S.C. § 3301(a) and, on October 27, 1980, was sentenced to "imprisonment in a State Institution for a period of not less than two years, nor more than four years, and to stand committed to the State Correctional Institution at Muncy for diagnosis and further assignment upon service of the sentence."

Appellant timely filed a Motion to Modify Sentence. The Motion was denied, and this appeal from judgment of sentence followed. The appellant presents two questions on appeal.

(1) Was the sentence to confinement of not less than two years nor more than four years manifestly excessive as to inflict too severe a punishment? [1]

---

[1] Appellee argues that appellant has waived any right to assert that the sentence is manifestly excessive by a failure to use those particular words in the Motion to Modify Sentence. We find that the language used in the Motion to Modify clearly raised this issue and reject appellee's waiver argument.

(2) Did the sentencing judge abuse discretion by reference to the proposed sentencing guidelines which were not in effect at the time sentence was imposed? [2]

■ In reviewing a sentence challenged as manifestly excessive, this court is required to review the sentence itself and the process by which the sentencing judge reached it.

■ If the sentencing judge followed the obligatory procedures enacted to assure careful, intelligent and informed sentencing, then this court may review the sentence only to ensure that there has not been an abuse of the wide discretion accorded the sentencing court: *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980). On the other hand, if the sentencing judge did not follow the obligatory procedures, then this court must remand for resentencing in accordance with the applicable statutes and rules: *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Bryner*, 285 Pa.Super. 305, 427 A.2d 236 (1981); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).[3] We find that the judge failed to follow the statutory mandates of the Sentencing Code. We therefore vacate judgment of sentence and remand for resentencing in accordance with this opinion.

42 Pa.C.S. § 9701 *et seq.* and Chapter 1400 of the Pennsylvania Rules of Criminal Procedure control the procedure by which sentences are imposed. Within those confines, it is recognized that the sentencing judge has broad discretion. However, the judge is limited by the enacted boundaries. In the instant case, the sentencing judge demonstrated a total failure to comply with the mandated procedures, inasmuch as he failed to follow:

**2.** In light of our decision, we need not consider appellant's claim that a reference to proposed Guidelines for Sentencing as an aid in sentencing constitutes an abuse of discretion.

**3.** "It is not our province to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court." *Commonwealth v. Wicks, supra,* 265 Pa.Super. 314, 401 A.2d at 1227.

(1) 42 Pa.C.S. § 9721(a): "In determining the sentence to be imposed the court *shall . . . consider* and select one or more of the following alternatives . . . ." (emphasis added)

(1) an order of probation

(2) a determination of guilt without further penalty

(3) partial confinement

(4) total confinement

(5) a fine

(2) 42 Pa.C.S. § 9721(b): The sentence must be imposed for the minimum amount of "confinement that is consistent with the protection of the public, the gravity of the offense . . . and the rehabilitative needs of the defendant . . . ."

(3) 42 Pa.C.S. § 9721(b): [4] "The court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

(4) Pa.R.Cr.P. 1403(A)(2): "The sentencing judge shall place on the record his reasons for dispensing with the pre-sentence investigation report in any of the following instances:

(a) where incarceration for one year or more is a possible disposition under the applicable statutes . . . ."

## FAILURE TO CONSIDER ALTERNATIVES IN SENTENCING

The sentencing judge failed to *consider* sentencing alternatives other than total confinement. The record is devoid of any indication that he considered probation or partial confinement, inter alia, as provided in the statute.

In the Sentencing Code, the Legislature established standards for a court to observe when imposing sentence. Section [9722] 'while not controlling the discretion of the court,' lists twelve grounds which 'shall be accorded weight in favor of an an order of probation . . .' Section

4. See also Pa.R.Cr.P. 1405(b).

[9725] directs the court to consider 'the nature and circumstances of the crime and the history, character, and condition of the defendant . . .' before imposing total confinement.

*Commonwealth v. Butch, supra,* 487 Pa. at 32, 407 A.2d 1302.

The Court established that failure by the lower court to consider the broad range of sentencing alternatives constituted reversible error, particularly where, as here, the sentencing court based its decision solely on the nature of the crime without regard for factors individual to the offender.

## FAILURE TO CONSIDER FACTORS INDIVIDUAL TO THE OFFENDER

The Pennsylvania Supreme Court, in *Commonwealth v. Martin, supra,* also emphasized that sentencing may not focus solely on the nature of the crime, holding that selection of the appropriate sentence must include consideration of factors individual to the offender.

> The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See [42 Pa.C.S. § 9721(b)]. At least two factors are crucial to such determinations— the particular circumstances of the offense and the character of the defendant.

*Id.,* 466 Pa. at 133, 351 A.2d 650. See also *Commonwealth v. Riggins,* 474 Pa. 115, 133 n. 24, 377 A.2d 140, 149 n. 24 (1977) (Plurality opinion); *Commonwealth v. Kostka,* 475 Pa. 85, 92 n. 8, 379 A.2d 884, 888 n. 8 (1977); *Commonwealth v. Landi, supra,* 421 A.2d at 443.

The sentencing judge is required to evaluate the character of the defendant as well as the gravity of the offense. It is clear that in the instant case the judge failed to do so. He characterized the defendant as dangerous without adequate foundation—indeed with unopposed evidence to the contrary. He stated, "You are a danger to the public. Incarceration is called for and incarceration shall be ordered."

The judge dismissed the reports of two psychiatrists [5] who recommended that the defendant not be incarcerated by stating that he did not understand them, "in view of the [defendant's] conduct . . . ."

The sentencing record does not reveal that the judge took account of the fact that the defendant was a 41-year old mother of two with no prior criminal record and a tragic recent personal life, including the accidental death of her teen-aged son. The circumstances of her son's death plus the recent beatings and abuse by the man with whom she lived left her adrift, confused and depressed, unable to hold a job. Prior to the death of her son, she worked in a responsible position for over eight years. On the night of the incident in question, she was at a bar with her boyfriend drinking fairly steadily for four or five hours. She then went to the apartment she had shared with him, put a lit match on the ironing board, and left, going to the home of her mother.

While it is essential for the judge to place information on the record as to the factors he considered and gave weight to in sentencing, it is not incumbent on him to note each and every factor which may or may not have entered into his determination in sentencing.

In the present instance, there is no suggestion in the record that the sentencing judge considered or accorded weight to the individual factors set forth in the Sentencing Code, 42 Pa.C.S. § 9701 et seq., factors present in this case "which shall be accorded weight in favor of probation" under 42 Pa.C.S. § 9722, to wit:

That there were substantial grounds tending to excuse or justify the criminal conduct of defendant, though failing to establish a defense; [6]

5. Dr. Robert Sadoff recommended, "I would strongly urge that she not be placed in prison." Dr. Leo Colton Freeman stated, "She needs continued support from public and social agencies."

6. In light of the defendant's guilty plea, in which the colloquy omitted any discussion of available possible defenses, we do not know whether the defendant's diminished capacity resulting from her mental

That defendant has no criminal record;

That defendant is particularly likely to respond affirmatively to probationary treatment.[7]

## FAILURE TO DISCLOSE REASONS FOR THE SENTENCE IMPOSED

The sentencing judge failed to disclose reasons for the sentence imposed, other than his conclusionary assertion that the defendant was "dangerous." Such a statement falls short of meeting the requirements of 42 Pa.C.S. § 9721(b): *Commonwealth v. Bryner, supra,* 285 Pa.Super. 308, 427 A.2d at 237. And the mere presence in the record of evidence or testimony upon which the sentencing judge *could* have relied does not meet the requirement that the judge state what it was that the court *did* rely on in imposing sentence: *Commonwealth v. Wicks, supra.*

The policy behind requiring the sentencing judge to disclose in open court the reasons for the sentence is to make public "the thought process by which he arrives at a particular appropriate sentence." *Commonwealth v. O'Brien,* 282 Pa.Super. 193, 422 A.2d 894, 895 (1980). It is a safeguard against arbitrary decisions and prevents consideration of improper and irrelevant factors. It provides the appellate court with a basis on which to understand and review the sentencing court's decision. The judge's thought process should demonstrate that he or she reflected upon the standards established in the Sentencing Code.[8]

state and her use of alcohol just prior to the act would have been found, in a jury trial, to establish a defense or to have reduced the crime to Recklessly Endangering Another Person, but they were clearly factors to be accorded weight in the sentencing process under § 9722(4).

7. Other factors not reviewed by the sentencing judge include, inter alia, the fact that appellant did plead guilty and express extreme remorse and distress at the results of her act.

8. See also *Commonwealth v. Wicks, supra,* where mere reference to the code provisions without articulation of reasons was held to be insufficient, and compare *Commonwealth v. Wareham,* 259 Pa.Super. 527, 393 A.2d 951 (1978) where articulation of reasons was held

## DISPOSITION

For the reasons stated above, the judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion.

CAVANAUGH, J., concurs in the result.

to be sufficient even though the code provisions were not specifically cited.