456 A.2d 218

COMMONWEALTH of Pennsylvania

v.

Ronald COLEMAN A/K/A Ronald Chevron, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 9, 1981.

Filed Feb. 11, 1983.

David J. Slesnick, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BECK, JOHNSON and POPOVICH, JJ.

BECK, Judge:

Appellant appeals from the judgment of sentence of the Court of Common Pleas of Allegheny County which imposed a six to twenty-three-month term of imprisonment upon Appellant after Appellant pleaded guilty to twelve counts of receiving stolen property.[1] For the reasons stated herein we vacate the judgment of sentence and remand the case for resentencing.

On appeal Appellant contends that the sentencing court did not impose sentence in conformity with the Sentencing Code, 18 Pa.C.S. § 1301 et seq., and Pa.R.Crim.P. 1405(b).

In sentencing cases our scope of review commences with a determination of whether the sentencing judge adhered to the Sentencing Code guidelines.

> If the sentencing judge followed the obligatory procedures enacted to assure careful, intelligent and informed sentencing, then this court may review the sentence only to ensure that there has not been an abuse of the wide discretion accorded the sentencing court .... [I]f the sentencing judge did not follow the obligatory proce-

---

1. Pursuant to Pa.R.Crim.P. 1410 Appellant filed a timely motion to modify sentence which was denied.

dures, then this court must remand for resentencing in accordance with the applicable statutes and rules ....

*Commonwealth v. Kraft,* 294 Pa.Super.Ct. 599, 601, 440 A.2d 627, 628 (1982) (footnote omitted).

The Pennsylvania concept of indeterminate sentencing requires 'an implicit adoption of the philosophy of individual sentencing ....' To assist in the proper exercise of judicial discretion in sentencing, the legislature promulgated guidelines in the Sentencing Code .... Under the Sentencing Code, a sentence must be imposed for the minimum amount of time that is consistent with the gravity of the offense, the rehabilitative needs of the defendant and the protection of the public ....

*Commonwealth v. O'Brien,* 282 Pa.Super.Ct. 193, 196, 422 A.2d 894, 896 (1980).

■ The Sentencing Code affords the court various dispositional alternatives including probation (18 Pa.C.S. § 1322), partial confinement ["work release"] (18 Pa.C.S. § 1324), and total confinement (18 Pa.C.S. § 1325). It is the sentencing judge's "responsibility ... to evaluate the information regarding the circumstances of the offense and the character of the appellant and then to formulate and explain the sentence in the light of the guidelines specified in the Sentencing Code." *Commonwealth v. Walton,* 289 Pa.Super.Ct. 411, 419, 433 A.2d 517, 521 (1981).

At the sentencing hearing counsel for Appellant requested an award of probation for Appellant and enumerated several factors in support of such an award: (1) the twelve counts against Appellant involved misdemeanors, primarily theft of hubcaps, and the stolen items were returned to their owners; (2) Appellant was married and had two dependent children; (3) Appellant had a good employment history, having worked eleven years for United States Steel.

■ Although the sentencing judge had before him a pre-sentence investigation report submitted in conjunction with Pa.R.Crim.P. 1403 and the remarks of Appellant's counsel arguing in favor of probation, the judge's only

comments on the record were that "[a]pparently ... [Appellant had] been stealing for some time, and it [was] a widespread operation. There were hundreds of items found in his home .... There is no question about it that [Appellant had] to plead guilty ... He certainly couldn't expect anybody to find him not guilty ...."

While the judge's statements evidence consideration of the nature of Appellant's offense, they do not indicate that the judge also considered "factors individual to the offender." *Kraft*, 294 Pa.Super.Ct. at 603, 440 A.2d at 629. Section 1322 of the Sentencing Code lists twelve factors to be examined by the court in ascertaining whether to grant probation. The judge's scant statements on the record do not demonstrate that the court evaluated Appellant's request for probation in light of the Code's criteria. Here, as in *Commonwealth v. Wicks*, 265 Pa.Super.Ct. 305, 313–14, 401 A.2d 1223, 1227 (1979),

> the court's statements were insufficient because, in consequence of their brevity and conclusory quality, they do not manifest a consideration of the statutory guidelines for sentencing, nor otherwise explain the reasoning behind the sentences imposed ....
>
> ... *Testimony* ... and the contents of a pre-sentence report, cannot constitute a statement of *reasons;* they rather constitute only the beginning of the process by which the court formulates its statement of reasons ....
>
> It is not our province to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court.

(Emphasis in original.) (Footnotes omitted.) "[T]he mere presence in the record of evidence or testimony upon which the sentencing judge *could* have relied does not meet the requirement that the judge state what it was that the court *did* rely on in imposing sentence." *Kraft* 294 Pa.Super.Ct. at 605, 440 A.2d at 630 (emphasis in original).

Because "[t]he statement by the sentencing judge in the instant case either fails to inform as to the weight accorded

factors individual to [Appellant] ... or demonstrates that the only factor given any weight by the sentencing court was the nature of the crime," *Commonwealth v. Cruz*, 291 Pa.Super.Ct. 486, 490, 436 A.2d 220, 222 (1981) (footnote omitted), we vacate the judgment of sentence and remand this case for resentencing in accordance with the Sentencing Code and this opinion.

JOHNSON, J., concurs in result.