459 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**Roger A. STAFFORD, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1982.

Filed April 29, 1983.

232

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, P.J., and WIEAND and BECK, JJ.

CERCONE, President Judge:

This is a direct appeal from the judgment of sentence imposed by the Court of Common Pleas of Erie County on August 24, 1981 following appellant's entry of guilty pleas to charges of resisting arrest[1] and simple assault[2] at Number 1848 of 1980; robbery[3] and simple assault at Number 338 of 1981; and simple assault at Number 339 of 1981. In taking the instant appeal, appellant argues, *inter alia*,[4] that the sentencing court failed to adequately discharge its sentencing responsibilities as they are delineated in the Sentencing Code,[5] Pa.R.Crim.P. 1405(b), and supporting caselaw.

After reviewing the transcript of the sentencing proceedings, we agree that the lower court did not state with sufficient specificity the reasons underlying its sentence. Consequently, we vacate the judgment of sentence and remand the case for resentencing.

It is settled that "[s]entencing is a matter within the sound discretion of the sentencing judge, to be exercised within the statutory guidelines and considerations. When so exercised, the sentence will not be disturbed by an

1. 18 Pa.C.S.A. § 5104.

2. *Id.* at § 2701.

3. *Id.* at § 3701.

4. Appellant also charges that the sentencing court abused its discretion by imposing a manifestly excessive sentence, and that sentencing counsel was constitutionally ineffective for numerous reasons. We need not address these matters in view of our disposition with respect to the first assignment of error.

5. 42 Pa.C.S.A. § 9701 *et seq.*

appellate court unless it is so clearly excessive as to constitute an abuse of discretion." *Commonwealth v. Hollerbush,* 298 Pa.Superior Ct. 397, 406–407, 444 A.2d 1235, 1240 (1982).[6] In view of the wide latitude accorded to sentencing judges, an appellate court's review of a challenged sentence necessarily begins with an evaluation of the degree to which the sentencing judge followed the guidelines set forth in the Sentencing Code.[7] *Commonwealth v. Coleman a/k/a Chevron,* 310 Pa.Superior Ct. 133, 456 A.2d 218 (1983). As we recently stated in *Commonwealth v. Kraft,* 294 Pa.Superior Ct. 599, 440 A.2d 627 (1982):

If the sentencing judge followed the obligatory procedures enacted to assure careful, intelligent and informed

**6.** *See* also *Commonwealth v. Walker,* 298 Pa.Superior Ct. 387, 444 A.2d 1228 (1982), *quoting Commonwealth v. Landi,* 280 Pa.Superior Ct. 134, 138, 421 A.2d 442, 443 (1980); *Commonwealth v. Kostka,* 276 Pa.Superior Ct. 494, 419 A.2d 566 (1980); and *Commonwealth v. Kaminski,* 244 Pa.Superior Ct. 388, 368 A.2d 776 (1976).

**7.** 42 Pa.C.S.A. § 9721 affords this guidance to a sentencing judge:
(a) General rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
(1) An order of probation.
(2) A determination of guilt without further penalty.
(3) Partial confinement.
(4) Total confinement.
(5) A fine.
(b) General standards.—In selecting from the alternatives set forth in subsection (1) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing.) *In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.* (emphasis added).
*See* also *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); and *Commonwealth v. Wicks,* 265 Pa.Superior Ct. 305, 401 A.2d 1223 (1979).

sentencing, then this court may review the sentence only to ensure that there has not been an abuse of the wide discretion accorded the sentencing court: *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980). On the other hand, if the sentencing judge did not follow the obligatory procedures, then this court must remand for resentencing in accordance with the applicable statutes and rules: *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Bryner*, 285 Pa.Super. 305, 427 A.2d 236 (1981); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). *Id.*, 294 Pa.Superior at 601, 440 A.2d at 628.

Judge Spaeth has characterized the sentencing judge's responsibilities as being two-fold.

The first responsibility is a fact-finding responsibility: the judge must be sure he has enough information. The second responsibility is an application—and—explanation responsibility: the judge must apply to the information he has gathered the guidelines specified in the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* and explain how the sentence he has selected is responsive to, and reflects the standards embodied in, those guidelines. If the judge fails to fulfill these responsibilities, we must vacate the sentence and remand for resentencing.

*Commonwealth v. Edwards*, 303 Pa.Superior Ct. 454, 472, 450 A.2d 15, 23–24 (1982) (citations omitted).

The policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the need to make public "the thought process by which he arrives at a particular appropriate sentence." *Commonwealth v. O'Brien*, 282 Pa.Superior Ct. 193, 196, 422 A.2d 894, 895 (1980). By affording appellate courts with some basis upon which to fully comprehend and fairly review the actions of the sentencing court, this directive

acts as a shield against arbitrary sentencing decisions while, at the same time, discourages the entertainment of improper or irrelevant factors. *Commonwealth v. Kraft, supra,* 294 Pa.Super. at 602, 440 A.2d at 630.

■ While our courts have never required that the statement of reasons cite to specific language of the Sentencing Code, *Commonwealth v. Wicks, supra,* 265 Pa.Super. at 314, 401 A.2d at 1227, it should, nonetheless, evince the court's reflection on the standards mentioned in the Code and should contain "some explanation of how consideration of those guidelines affected the determination of sentence." *Commonwealth v. O'Brien, supra,* 282 Pa.Super. at 197, 422 A.2d at 896, *quoting Commonwealth v. Wareham,* 259 Pa.Superior Ct. 527, 534, 393 A.2d 951, 954 (1978). Clearly proscribed, however, is the mere payment of lip service to the Code's provisions. *Commonwealth v. Kraft, supra* 294 Pa.Super. at 602 n. 8, 440 A.2d at 630 n. 8.

■ Instantly, the lower court did enjoy the benefit of a presentence report as well as the remarks of defense counsel made during the sentencing proceedings. However, its statement of reasons falls short of complying with the requirements of the Sentencing Code and the holding of *Commonwealth v. Riggins, supra.* The sentencing court's fleeting reference to appellant's juvenile record, and the fact that the crimes to which appellant pled guilty were committed with some degree of violence, are of such "brevity and conclusory quality [that] they do not manifest a consideration of the statutory guidelines for sentencing, nor otherwise explain the reasoning behind the sentences imposed."[8] *Commonwealth v. Wicks, supra,* 265 Pa.Super.

---

**8.** The following sentences comprise the court's entire statement of reasons:

"I have considered all that [i.e. remarks of counsel] and I've considered the entire pre-sentence investigation and have noted an extensive record, especially juvenile record, of this individual and any robbery ... it's hitting somebody or tapping somebody is not the best thing. The sentence of the court on all these charges ..."

at 313, 401 A.2d at 1227. Moreover, the lower court's opinion, filed pursuant to Pa.R.App.P. 1925, offers little or no insight into its thought processes at the passing of sentence. Consistent with our disposition in *Commonwealth v. Wertz*, 252 Pa.Superior Ct. 584, 384 A.2d 933 (1978), we now rule that where neither the record of the sentencing proceedings nor the lower court's opinion furnish any adequate explanation for the sentence imposed, we are required to remand the case for resentencing. Although in imposing sentence, the lower court indicated that it considered the contents of the pre-sentence report and defense counsel's arguments, we are unpersuaded that these remarks constitute a statement of reasons which comports in quality and length with that envisioned by the drafters of the Sentencing Code.

Indeed, as we stated in *Commonwealth v. Wicks, supra:*

*Testimony* ... and the contents of a pre-sentence report, cannot constitute a statement of *reasons;* they rather constitute only the beginning of the process by which the court formulates its statement of reasons. Having received the testimony and pre-sentence report, the court must evaluate them; the testimony may well be in conflict, or not be credible, or otherwise not acceptable to the court, and the same may be so of the contents of the pre-sentence report. This evaluation completed, the court must examine the facts, as it has determined them to be, in light of the statutory guidelines for sentencing. Then, and only then, should the court decide what sentence should be imposed. Finally, having made that decision, the court must state its reasons for the sentence.

*Id.* 265 Pa.Super. at 313, 401 A.2d at 1227 (emphasis in original).

The judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion.