## Commonwealth *v.* Brown, Appellant.

Argued September 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Thomas J. Foley,* for appellant.

*Wm. J. Kearney,* Assistant District Attorney, with him *James F. Brady,* District Attorney, and *A. C. F. Kenowski,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., November 19, 1945:

The defendant, with Donald Liniger, was charged with separate offenses of statutory burglary in six indictments, and with the larceny of an automobile in the seventh. Liniger pleaded guilty to all of them and the seven charges were consolidated for trial against this defendant. He was found guilty as indicated and was sentenced, concurrently, to one and one-half to three years on each conviction. Without objection from the Commonwealth, but one appeal was taken by defendant from seven judgments of sentence. We will consider the questions involved as though appeals were properly taken.

Except in the following respects the convictions must rest upon the testimony of Donald Liniger, the accomplice. The owner of the automobile testified that he saw two men steal it and he identified Liniger as one of them. Each of two owners testified that his cafe was broken into as charged, and whiskey and money taken. The chief of police examined each of six places, following complaints from the owners, and found evidence that all of them had been broken into. Proof of the corpus delicti in each case, therefore, does not rest wholly on the testimony of an accomplice. And it would be no objection if it did. The testimony of an accomplice may relate to any of the facts in issue including corpus delicti. 16 C. J., Criminal Law, §1410, p. 690; *Com. v. Fitz-*

*gerald,* 101 Pa. Superior Ct. 308; *Com. v. Howe,* 84 Pa. Superior Ct. 295.

Liniger testified that he and defendant committed the series of burglaries at the latter's suggestion. In his automobile Liniger drove defendant to the scene of the crime in each instance and acted as look-out while defendant entered the place. The day following each burglary, Liniger received his "cut" from the money or the proceeds of goods stolen. Liniger testified in detail as to defendant's part in each of the crimes, and his testimony, accepted by the jury, is sufficient to support the convictions. But it is contended that new trials must be granted from the failure of the trial judge to charge the jury as to the degree of caution to be exercised in weighing his uncorroborated testimony. Of course, a trial judge should warn the jury of the corrupt source of an accomplice's testimony (*Com. v. McCloskey,* 273 Pa. 456, 461, 117 A. 192) but the form of instruction lies within the discretion of the court. *Com. v. Robinson,* 148 Pa. Superior Ct. 61, 24 A. 2d 694; *Com. v. Spadaro,* 94 Pa. Superior Ct. 535, 538. On the subject, the judge said in part: "Now, of course, it is for you to remember that a person who admits himself guilty of a crime, of what they call a crime of deceit, like burglary, something that is done at night, is not the best sort of a character, *and you consider his story by character,* [i.e., in the light of his character], *and that governs in your consideration of Liniger's story.*" (Emphasis ours). We think the charge in these cases meets the requirement in essentials. Cf. *Com. v. Beck,* 137 Pa. Superior Ct. 410, 9 A. 2d 175; and *Com. v. Bruno,* 316 Pa. 394, 175 A. 518, which interprets the rule more liberally than any of our cases.

When Liniger in the presence of defendant was arraigned before a Justice of the Peace, on preliminary hearing, he admitted his guilt and charged the defendant with participation in all of the crimes. The defendant remained silent except to say "I have an attorney coming to speak in my defense." The court refused to

strike out Liniger's statements implicating the defendant, but excluded this testimony as evidence of defendant's admission of guilty from silence (under the rule of *Com. v. Vallone,* 347 Pa. 419, 32 A. 2d 889) by this statement: "I will state the fact that during the time another person is arraigned it is not the duty of the person who is not arraigned at that time to interrupt the proceedings . . . I will take care of the rest of that in my charge."

There was no duty on the defendant to speak out in response to accusations made in a judicial proceeding (*Com. v. Zorambo,* 205 Pa. 109, 54 A. 716) and the trial judge in effect said so. He neglected to refer to the subject again in his charge. But he invited suggestions as to further instructions at the close of the charge and none were forthcoming. We find no fundamental error in the charge. Only a general exception was taken. Defendant having failed to request additional instructions on each of the subjects of his assignments of error, cannot now complain of mere inadequacies in the instructions as given. *Com. v. Fickes,* 105 Pa. Superior Ct. 199, 160 A. 142; *Com. v. Mendola,* 294 Pa. 353, 144 A. 292.

The judgments are affirmed.