Opinion by
Spaulding, J.,
On April 1, 1966, James Oldfield, Raymond Raniero and appellant William Conyers were jointly indicted on charges of burglary, larceny and receiving stolen goods. Prior to trial in Court of Quarter Sessions of Luzerne County, defendants Oldfield and Raniero entered guilty pleas to the felony charges. On June 1, 1966, they testified as Commonwealth witnesses against appellant who subsequently was convicted by a jury. The court en banc denied appellant’s motion in arrest of judgment or for a new trial and this appeal followed.
Appellant contends that a portion of the charge of the trial judge relating to the testimony of Oldfield and Raniero constituted reversible error. We agree.
A long line of cases requires the trial court to point out to the trier of fact that testimony of accomplices should be closely scrutinized and accepted with caution, and cautionary language must be given the jury when called upon to evaluate the testimony of accom *76 plices. See, e.g., Commonwealth v. Haines, 257 Pa. 289, 297, 101 Atl. 641 (1917); Commonwealth v. McCloskey, 273 Pa. 456, 462, 117 Atl. 192 (1922) ; Commonwealth v. Brown, 158 Pa. Superior Ct. 226, 44 A. 2d 524 (1945); Commonwealth v. Olitsky, 184 Pa. Superior Ct. 144, 151, 133 A. 2d 238 (1957); Commonwealth v. Finkelstein, 191 Pa. Superior Ct. 328, 336, 156 A. 2d 888 (1959). In the Brown case, supra, this court stated: “Of course, a trial judge should warn the jury of the corrupt source of an accomplice’s testimony (Com. v. McCloskey, 273 Pa. 456, 461, 117 A. 192) but the form of instruction lies within the discretion of the court.” (at 228) As recently as Commonwealth v. McKenna, 206 Pa. Superior Ct. 317, 213 A. 2d 223 (1965), we have had opportunity to reiterate that rule, stating that the “form of the instruction warning the jury of the corrupt source of an accomplice’s testimony lies within the discretion of the court.” McKenna, supra, at 323.
The trial judge in the instant case, after carefully instructing the jury with cautionary language regarding the testimony of accomplices and co-defendants Oldfield and Raniero, leavened and rendered nugatory the cautionary language by stating:
“On the other hand, a jury would be permitted to find a defendant guilty on the testimony of an accomplice alone, nothing else, no need of corroborating circumstances, but I say to you scan the testimony of these two men carefully and don’t forget I say it is to their credit that they came in here and pleaded guilty after first having pleaded not guilty. They have saved the Commonwealth a lot of time and expense . . . now it is up to you ... do you think for one moment that Mr. Raniero is not guilty when he comes and tells you that he is? Do you think for one moment that Mr. Oldfield is not guilty when he likewise says he is guilty?
*77 “Then you consider the next step. If they are honorable enough to come in this Court and plead guilty and they tell you that Mr. Conyers was likewise guilty, and they have given you the details of it, why isn’t their testimony worthy of belief ? They have already pled guilty and they have already set themselves up to the Court’s sentencing powers. Just think it over.” (All emphasis added.)
The charge in toto is not consonant with cautionary requirements and constitutes prejudice against the appellant.
The judgment of the court below is reversed and a new trial is granted.