Commonwealth *v.* Staudenmayer, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anthony D. Pirillo, Jr.*, for appellant.

*Bonnie Brigance Leadbetter, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 23, 1974:

The appellant herein was convicted following a jury trial on charges of bribery and conspiracy arising from a scheme of corruption in the City of Philadelphia. For the reasons stated hereinafter, we affirm the judgment of sentence of the court below.

Briefly synthesized the facts show that between the years of 1969 and 1971 there existed a widespread system of payoffs from vice figures in the 17th police district of Philadelphia to most, if not all, of the police officers assigned to that district. Various police officers were assigned by their superiors to make monthly collections of money from identified figures dealing in numbers and other illegal operations. The

money thus collected would be marked for distribution to all police officers participating in the protection scheme. As each officer made his assigned pick-up, he would remove his share and transmit the remainder to one or two other policemen for distribution to the other officers.

The appellant in this case was the police sergeant assigned to the 17th district, and three of the four witnesses against him were former police officers who had participated in the payoff scheme.[1] It appears that the appellant was one of the "central" officers who distributed the monies. One witness, Johnson, testified that on several occasions he passed money which he had collected from one Robinson to the appellant.[2] Another witness, Mitchell, testified that on 6 or 7 occasions he received money from the appellant who told him that it was from particular vice figures. The third witness, Dixon, gave no testimony directly implicating the appellant, but his testimony described the overall scheme which was then in operation. The appellant, convicted on two indictments on charges stemming from the Robinson bribe, raises several issues, each of which requires only brief treatment.

Appellant contends that he was convicted on the uncorroborated testimony of an accomplice in violation of the Act of 1860.[3] The section of the statute to which the appellant refers gives immunity to witnesses who testify in a criminal prosecution for bribery provided that "the accused shall not be convicted on the testimony of an accomplice, unless the same be corroborated

---

[1] The fourth witness was a minor participant in the scenario who took phone messages from time to time.

[2] All of the payments were in exchange for the nonarrest of the figures and noninterference with their operations.

[3] Act of March 31, 1860, P. L. 382, §49, 18 P.S. §2, *repealed in part*, Act of June 24, 1939, P. L. 872, §1201, *repealed in toto*, Act of Dec. 6, 1972, P. L. 1482, No. 334, §5.

by other evidence, or the circumstances of the case." Upon a review of the record, however, we are convinced that that quantum of corroboration envisioned by the purpose and intent of the Act of 1860 exists in this case. The public policy underlying the corroboration requirement of the statute is to prevent any "invitation to make reckless accusations by one protected from prosecution by the law itself . . . [which] might well result in serious injustice," *Commonwealth v. Marmon*, 210 Pa. Superior Ct. 202, 212, 232 A.2d 236, 242 (1967), and "to provide a degree of protection against the well-known danger that a participant in the indicted crime may seek to save himself by falsely incriminating a cohort." *Government v. Torres*, 476 F.2d 486, 490 (3d Cir. 1973). The statute was not intended to permit conviction only where all of the evidence comes solely from sources wholly independent of the activities of the accused.

The appellant in this case was convicted on an indictment charging bribery in the receipt of money from Robinson and police officer Johnson. Relative to this indictment was the testimony of officer Johnson and two other officers, Mitchell and Dixon, and Connie Jenkins who took certain phone messages. An accomplice is one who "could be indicted and punished for the crime with which the accused is charged." *Commonwealth v. Hopkins*, 165 Pa. Superior Ct. 561, 564, 69 A.2d 428, 430 (1949). *See Government v. Torres*, supra. Clearly Johnson could have been charged with bribery resulting from his participation in this incident and is an accomplice.[4] But because Mitchell, Dixon, and Jenkins were not involved in the appellant's receipt of money from Robinson and Johnson, they were not accomplices with regard to this bribery charge; thus

---

[4] *See, e.g., Commonwealth v. Kilgallen*, 379 Pa. 315, 108 A.2d 780 (1954).

the appellant was convicted on the testimony of one accomplice and three corroborating witnesses. The testimony of Mitchell, Dixon and Jenkins is legally sufficient as corroboration because "[t]estimony to be classed as corroboration need not relate solely to the main fact involved, but may be considered as corroboration when the testimony relates to relevant and material facts which have a direct relation to the main fact involved." *Commonwealth v. McKenna,* 206 Pa. Superior Ct. 317, 323, 213 A.2d 223, 226 (1965).

Moreover, the statute permits corroboration "by other evidence, *or the circumstances of the case*" (emphasis added).[5] The nature of this case, with the expanse of the bribery scheme unearthed and with the unavailability of witnesses untarnished by involvement in any of the appellant's crimes, renders it the rare type of case cognizable under the "circumstances of the case" language. Successful prosecutions would be rendered virtually impossible in these types of cases by requiring totally independent proof of the acceptance of a bribe, and this would go far beyond the purpose of the statute—the prevention of convictions through reckless accusations.

The appellant next contends that the trial judge erroneously submitted to the jury the question of whether the witnesses Johnson and Mitchell were accomplices. The rule in Pennsylvania is that where " 'the facts, with respect to the participation of a witness in the crime . . . are clear and undisputed, it is for the court to determine whether or not he was an accomplice, but where the facts are in dispute, or different inferences might reasonably be drawn therefrom, the question whether or not a witness was an accomplice is for the jury.' Commonwealth v. Brown, 116 Pa. Superior Ct. 1, 12, 175 A. 748 (1934)." *Commonwealth*

---

[5] 18 P.S. §2.

*v. Sisak,* 436 Pa. 262, 267, 259 A.2d 428, 431 (1969). Upon a review of the record we find no error in the court's submission of this question to the jury.

Appellant next contends that the court erred in admitting the testimony of the witness Dixon because the testimony did not directly implicate the appellant and was, therefore, irrelevant and prejudicial. However, this testimony was clearly relevant as showing *"part of a chain,* or . . . *sequence of acts, or . . . part of the history of the event on trial, or . . . part of the natural development of the facts. . . ." Commonwealth v. Ross,* 413 Pa. 35, 40, 195 A.2d 81, 83 (1963) (emphasis original). *See Commonwealth v. Hradesky,* 170 Pa. Superior Ct. 24, 84 A.2d 393 (1951). We find appellant's remaining two assignments of error to be equally without merit. Additionally, we note that none of the assignments of error raised in appellant's brief were raised in his post-trial motions. The purpose of post-trial motions is to give the court below an opportunity to review rulings and decisions made therein; and our appellate courts have long held that an argument not raised below may not be raised for the first time on appeal. *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973); *Commonwealth v. Pierce,* 453 Pa. 319, 309 A.2d 371 (1973).

Judgment affirmed.

Hoffman, J., concurs in the result.