369 A.2d 329
**COMMONWEALTH of Pennsylvania**

v.

**Joseph BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 1976.

Decided Nov. 22, 1976.

Menno B. Rohrer, Lancaster, for appellant.

Ronald L. Buckwalter, First Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal challenges the use of the allegedly uncorroborated testimony of a robbery suspect to convict the appellant-defendant, Joseph Brown, of hindering apprehension or prosecution in violation of the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5105.[1]

At appellant's non-jury trial, one Louella MacNeil testified that she and appellant had planned the robbery of a store and on February 4, 1975, she carried out the robbery armed with a knife she had taken from appellant's home. Fleeing the scene, she returned directly to appellant's house where she and appellant sat down to count the proceeds of the job. When the police arrived at the house, MacNeil fled upstairs and followed appellant's instructions to change her clothes while appellant took steps to hide the money. Two other witnesses for the Commonwealth also testified to some of these events and further indicated that the police were refused consent to search initially, but eventually appellant permitted their search. Appellant demurred to the evidence and was convicted of hindering apprehension or prosecution.

Appellant argues only that the evidence is not sufficient to support the conviction because there is no proof that a crime was committed independent of the testimony of Louella MacNeil. This testimony cannot support the

1. The offense is defined as follows: "A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he: (1) harbors or conceals the other; . . . (3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence; (4) warns the other of impending discovery or apprehension, except that this clause does not apply to a warning given in connection with an effort to bring another into compliance with law . . . ." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5105.

corpus delicti, it is contended, because MacNeil was appellant's accomplice in the robbery and the uncorroborated testimony of an accomplice is not sufficient to establish the corpus delicti of the underlying offense. Appellant's argument is not convincing, however, because we have determined that the perpetrator of the robbery was not appellant's accomplice in the crime of hindering apprehension with which he was charged.

"An accomplice is one who 'could be indicted and punished for the crime with which the accused is charged.' *Commonwealth v. Hopkins,* 165 Pa.Super. 561, 564, 69 A.2d 428, 430 (1949)." *Commonwealth v. Staudenmayer,* 230 Pa.Super. 521, 525, 326 A.2d 421, 423–24 (1974). Under the new Crimes Code a person is expressly not an accomplice when "the offense is so defined that his conduct is inevitably incident to its commission" unless otherwise provided by the Crimes Code or the law defining the offense. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 306(f)(2).[2] In the present case the existence or participation of an individual suspected of criminal conduct is clearly a necessary component of the accused's offense of hindering the apprehension of another for crime. Because Section 5105 makes no provision for finding those inevitably involved in the accused's conduct culpable as accomplices, they fall within

---

2. For an analysis for the reason for this exception to the general rule of culpability of accomplices, see the Model Penal Code § 2.-04(5), Comment (Tent.Draft No. 1, 1953), which explains that rather than create a systematic legislative resolution to what must necessarily be many diverse fact situations, the legislature can rule in each instance whether participation in a crime involving by definition interaction with one or more others is to be criminally punished. The drafters of the Model Penal Code noted that there are "situations where conflicting policies and strategies, or both, are involved in determining whether the normal principles of accessorial accountability ought to apply. One factor that has weighed with some state courts is that affirming liability makes applicable the requirement that testimony be corroborated; the consequence may be to diminish rather than enhance the law's effectiveness by making any convictions unduly difficult." (Footnote omitted).

the exception stated in Section 306(f)(2) and cannot be considered accomplices.

We must conclude, therefore, that Louella MacNeil was not an accomplice in the offense of hindering her own apprehension. Consequently, no basis has been advanced to us on which we might require corroboration of her testimony or a cautionary instruction. *Commonwealth v. Whyatt*, 235 Pa.Super. 211, 340 A.2d 871 (1975); *Commonwealth v. Staudenmayer*, supra.

Judgment of sentence affirmed.

SPAETH, J., files a concurring opinion in which HOFFMAN, J., joins.

SPAETH, Judge, concurring:

The charge is that appellant hindered the apprehension of a robber. The Commonwealth proved that there was a robbery by the robber's own testimony. The robber and appellant were accomplices, for they planned the robbery together, and agreed that the robber should use appellant's home as her base of operations.

Appellant argues for a rule that a defendant may not be convicted when the only evidence of the corpus delicti is uncorroborated testimony of an accomplice. The majority seems to accept at least the possibility of such a rule, for its opinion responds to appellant's argument by saying that the rule does not apply here "because . . . the perpetrator of the robbery was not appellant's accomplice in the crime of hindering apprehension with which he was charged." Majority opinion at 330.

Regarding the case (for the sake of discussion) as does the majority, I cannot accept the majority's reasoning. In order to make out its case the Commonwealth had to prove that appellant intended "to hinder the apprehension, prosecution, conviction or punishment of another for crime . . . ." Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 5105. The "crime" was the

robbery. Thus, when the Commonwealth proved the robbery by the testimony of the robber, it proved an essential element of the charge against appellant by the testimony of an accomplice. It seems odd to say that if appellant had been charged with robbery, the robber would have been an accomplice, but because appellant is charged with a crime arising from and dependent upon the robbery, the robber is not an accomplice. So far as concerns considerations of whether criminal responsibility should be imposed, the two cases are the same. I therefore see no reason to apply one rule to one case, and another rule to the other case.

I nevertheless agree with the majority's result. As appellant concedes, there is no general rule in Pennsylvania that forbids a jury to convict solely on the uncorroborated testimony of an accomplice. *Commonwealth v. Bradley,* 449 Pa. 19, 295 A.2d 842 (1972); *Commonwealth v. Bruno,* 316 Pa. 394, 175 A. 518 (1934); *Commonwealth v. Didio,* 212 Pa.Super. 51, 239 A.2d 883 (1968). I see no reason (nor does appellant suggest any) for a special rule as to the proof of the corpus delicti. We have before, in *dictum,* rejected appellant's contention: "Proof of the corpus delicti in [this] case . . . does not rest wholly on the testimony of an accomplice. And it would be no objection if it did. The testimony of an accomplice may relate to any of the facts in issue including corpus delicti." *Commonwealth v. Brown,* 158 Pa.Super. 226, 227, 44 A.2d 524, 525 (1945). Here, we need only convert this *dictum* to a holding. Thereby we should avoid becoming entangled in the implication of the majority's opinion, that proof of the corpus delicti may not rest wholly on the testimony of an accomplice.

HOFFMAN, J., joins in this opinion.