480 A.2d 1192

COMMONWEALTH of Pennsylvania

v.

Richard MILLS, Appellant.

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed July 27, 1984.

78

Michael R. Kostelansky, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

HESTER, Judge:

On November 10, 1980, appellant was adjudged guilty of robbery, theft and conspiracy. Timely post-verdict motions

were filed and denied, and appellant was sentenced to a period of incarceration of not less than five nor more than ten years on his robbery conviction. Regarding his conspiracy and theft convictions, appellant received a cumulative seven year probationary term which was to be consecutive to his robbery conviction. This probationary sentence was apportioned as a five year period on his conspiracy conviction and a two year term on his theft conviction. It is from this judgment of sentence that appellant has appealed.

The Commonwealth's evidence is as follows:

On July 8, 1980, at approximately 1:15 a.m., Thomas Fontana was awakened by pounding upon the door of his room at the Imperial Motor Inn in Wilkes-Barre, Pennsylvania. Upon opening the door to investigate the origin of the noise, he found appellant pointing a knife at him in a menacing fashion. Fontana immediately moved back into his room, whereupon appellant and his co-conspirator, Lisa Nelson, entered and forced Mr. Fontana back to the side of his bed. Appellant then demanded, "Where's your money? Where's your wallet?" In response to this threat, Fontana pointed to his wallet which was in his trouser's pocket. At this juncture, appellant made several thrusts toward Fontana with the knife, making threats to the effect that he "would really like" to stab Fontana. While appellant continued to threaten Fontana, Ms. Nelson placed the wallet containing $46.00 and the victim's keys into her purse. Appellant then said to Fontana, "Come on, I know you have more. Where is it?" So as to force the issue, appellant kicked Fontana in the stomach. At this point, Fontana pleaded to both appellant and his co-conspirator, "Please, leave me alone. If I had any more money I'd give it to you, but I don't. So take what is there and leave, please." Appellant and Ms. Nelson subsequently left the room.

Appellant raises several issues on appeal: 1) whether the evidence was sufficient to sustain his convictions for robbery, theft and conspiracy; 2) whether his trial counsel was ineffective for not calling his co-conspirator, Lisa Nelson, to testify on his behalf; 3) whether the trial court erred in

allegedly not providing an adequate basis for his sentence, and also whether appellant's sentence was illegal and excessive; and 4) whether his convictions for robbery and theft should have merged for sentencing purposes.

Regarding appellant's sufficiency arguments, our Supreme Court has stated:

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975). *Commonwealth v. Boyd*, 461 Pa. 17, 24, 334 A.2d 610, 613 (1975); *Commonwealth v. Murray*, 460 Pa. 605, 608, 334 A.2d 255, 257 (1975). Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Robson, supra; Commonwealth v. Murray, supra; Commonwealth v. Smith*, 457 Pa. 638, 641, 326 A.2d 60, 61 (1974); *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973). The fact-finder is free to believe all, part, or none of the evidence. *Commonwealth v. Robson, supra; Commonwealth v. Smith, supra.*

*Commonwealth v. Rose*, 463 Pa. 264, 267–78, 344 A.2d 824, 825–56 (1975). Having summarized the evidence using the *Rose* standard, we will now apply the law as it pertains to this issue.

■ Robbery is defined in 18 Pa.C.S.A. § 3701 as follows:

**§ 3701. Robbery**

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

Appellant contends that the Commonwealth did not prove that he threatened or put Mr. Fontana in fear of immediate serious bodily injury. 18 Pa.C.S.A. § 3701(a)(1)(ii). We disagree. The evidence indicates that appellant made several thrusts with his knife toward the victim and in the process of making these thrusts, he used several threats that he "would really like" to stab the victim. We find this argument to be meritless.

■ As to appellant's conspiracy conviction, in order for appellant to be convicted of conspiracy, the Commonwealth must prove his involvement in an agreement to accomplish a criminal objective and the commission of an overt act in pursuance of the conspiracy. 18 Pa.C.S. § 903. In *Commonwealth v. Henderson*, 249 Pa.Super. 472, 483, 378 A.2d 393, 398 (1977), we stated that:

[a]lthough the evidence must show more than a mere association, "(a) conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed." *Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958).

Certainly, the evidence in the present case inferentially establishes a conspiracy between appellant and Ms. Nelson. First, appellant, after severely damaging Fontana's motel room door, entered the room brandishing a knife followed closely by Ms. Nelson. Appellant then demanded, "Where's

your money? Where's your wallet?" At this point, while appellant held Fontana at bay, Ms. Nelson took Fontana's wallet and his keys and put them in her purse. This claim is meritless.

■ Appellant challenges his theft conviction under 18 Pa.C.S. § 306(f)(2) which states:

(f) Unless otherwise provided by this title or by the law defining the offense, a person is not an accomplice in an offense committed by another person if:

(2) the offense is so defined that his conduct is inevitably incident to its commission.

Appellant specifically alleges that since the elements of his alleged theft by unlawful taking are the same elements involved in his robbery conviction, the above section applies so that appellant should not have been charged with both theft and robbery. Appellant's argument is a misinterpretation of this statute in that appellant can be convicted as an accomplice of both theft and robbery even though they are based upon the same factual situation, but can only be sentenced on the greater offense. Appellant's argument is really an argument of merger.

The proper interpretation of 18 Pa.C.S. § 306(f)(2) is found in our decision, *Commonwealth v. Brown,* 245 Pa.Super. 134, 135, 369 A.2d 329, 330 (1976). The facts therein are as follows:

[O]ne Louella MacNeil testified that she and appellant had planned the robbery of a store and on February 4, 1975, she carried out the robbery armed with a knife she had taken from appellant's home. Fleeing the scene, she returned directly to appellant's house where she and appellant sat down to count the proceeds of the job. When the police arrived at the house, MacNeil fled upstairs and followed appellant's instructions to change her clothes while appellant took steps to hide the money.

We stated the following interpretation of 18 Pa.C.S. § 306(f)(2) in ruling that Ms. MacNeil was not an accomplice in the offense of hindering apprehension:

An accomplice is one who could be indicted and punished for the crime with which the accused is charged. *Commonwealth v. Hopkins*, 165 Pa.Super. 561, 564, 69 A.2d 428, 430 (1949). *Commonwealth v. Staudenmayer*, 230 Pa.Super. 521, 525, 326 A.2d 421, 423–24 (1974). Under the new Crimes Code a person is expressly not an accomplice when "the offense is so defined that his conduct is inevitably incident to its commission" unless otherwise provided by the Crimes Code or the law defining the offense. Act of December 6, 1982, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 306(f)(2). In the present case the existence or participation of an individual suspected of criminal conduct is clearly a necessary component of the accused's offense of hindering the apprehension of another for crime. Because Section 5105 makes no provision for finding those inevitably involved in the accused's conduct culpable as accomplices, they fall within the exception stated in Section 306(f)(2) and cannot be considered accomplices.

We must conclude, therefore, that Louella MacNeil was not an accomplice in the offense of hindering her own apprehension.

*Id.*, 245 Pa.Super. at 136–37, 369 A.2d at 330–31. Based upon this interpretation of Section 306(f)(2), we find appellant's argument meritless.

Appellant next claims that his trial counsel was ineffective for not having his co-conspirator testify on his behalf at trial. Appellant contends that Ms. Nelson would have testified that he merely entered Mr. Fontana's room to rescue Ms. Nelson from an assault by Fontana. Our Supreme Court first enunciated the standard against which trial counsel's actions are to be judged in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), where the court stated:

Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's inter-

ests. (Emphasis in original). The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

Also, *Maroney* continues that:

for relief to be granted appellant must demonstrate that counsel's ineffectiveness worked to his prejudice.

\* \* \* \* \* \*

Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives, not chosen offered a potential for success substantially greater than the tactics actually utilized. *Id.*, 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8.

The United States Supreme Court recently held in *Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984), that to succeed with a claim of counsel's "actual ineffectiveness" a criminal defendant must show that:

considering all the circumstances, his attorney's performance fell below an objective standard of reasonableness and so prejudiced him as to result in the denial of a fair trial. This degree of prejudice requires a demonstration of the existence of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different .... The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

■ The problem in this case, as in most cases where the claim of ineffectiveness is raised on direct appeal, is that we have before us no record of any hearing at which is delineated trial counsel's reasons for taking the steps later chal-

lenged. *See Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1976). Where, as here, it is impossible to tell from the record why Ms. Nelson was not called to testify, we must remand for an evidentiary hearing, at which time trial counsel may state his reasons for having chosen this particular course if, in fact, it was his decision. *Commonwealth v. Turner, supra.* By doing this, we in no way are asserting that counsel was ineffective for not calling Ms. Nelson to testify. Only the trial court can determine that, since the issue here is one of credibility between Fontana, appellant and Ms. Nelson. Further, at the ineffectiveness hearing, the lower court can itself hear Nelson's testimony, observe her, and decide whether her testimony would have offered appellant a potential for success substantially greater than not calling her. Moreover, the court, by hearing counsel's reasons, will be able to determine whether appellant's trial counsel's strategy had some reasonable basis.

Appellant next advances several arguments that his sentence was illegal and invalid. First, appellant contends that his counsel was not allowed to present mitigating evidence on his behalf. We find no merit in this allegation. The lower court simply stated that it disagreed with trial counsel's argument that appellant's involvement in the criminal episode was relatively minor.

■ Appellant next asserts that the lower court failed to properly enunciate its reasons for sentencing him. We have stated that the sentencing court's reasons may not be of such "brevity and conclusory quality [that] they do not manifest a consideration of the statutory guidelines imposed." *Commonwealth v. Wicks,* 265 Pa.Super. 305, 313, 401 A.2d 1223, 1227 (1979). *See Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Stafford,* 313 Pa.Super. 231, 459 A.2d 824 (1983).[1] These

1. In *Stafford, supra,* the following comprised the court's statement of reasons and was held by this Court to lack sufficient specificity: "I have considered all that [i.e. remarks of counsel] and I've considered the entire presentence investigation and have noted an extensive record, especially juvenile record of this individual and

86

reasons "should reflect the judge's consideration not only of those sentencing criteria enumerated in the Sentencing Code [42 Pa.C.S.A. § 9701, *et seq.*] ... but also the circumstances of the offense and the character of the offender ... [citations omitted]." *Commonwealth v. Aldinger*, 292 Pa. Super. 149, 156, 436 A.2d 1196, 1199 (1981).

Judge (now President Judge) Spaeth has characterized the sentencing judge's responsibilities as being two-fold:

The first responsibility is a fact-finding responsibility: the judge must be sure he has enough information. The second responsibility is an application-and-explanation responsibility: the judge must apply to the information he has gathered the guidelines specified in the Sentencing Code, 42 Pa.C.S. § 9701 et seq., and explain how the sentence he has selected is responsive to, and reflects the standards embodied in, those guidelines. If the judge fails to fulfill these responsibilities, we must vacate the sentence and remand for resentencing.

*Commonwealth v. Edward*, 303 Pa.Super. 454, 472, 450 A.2d 15, 23–24 (1982) (citations omitted).

■ The policy underlying the requirement that the sentencing judge state of record the reasons for the sentence is found in the need to make public "the thought process by which he arrives at a particular appropriate sentence." *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 196, 422 A.2d 894, 895 (1980); *See also Commonwealth v. Stafford, supra.* By affording appellate courts some basis upon which to fully comprehend and fairly review the actions of the sentencing court, this directive acts as a shield against arbitrary sentencing decisions while, at the same time, discourages the entertainment of improper or irrelevant factors. *Commonwealth v. Kraft*, 294 Pa.Super. 599, 602, 440 A.2d 627, 630 (1982); *Commonwealth v. Stafford, supra.*

any robbery ... it's hitting somebody or tapping somebody is not the best thing. The sentence of the court on all these charges...."

■ Although our courts have never required that the statement of reasons cite to specific language of the Sentencing Code, *Commonwealth v. Wicks, supra,* it should, nonetheless, evince the court's reflection on the standards mentioned in the Code and should contain "some explanation of how consideration of those guidelines affected the determination of sentence." *Commonwealth v. O'Brien,* supra, 282 Pa.Superior Ct. at 197, 422 A.2d at 896, *quoting Commonwealth v. Wareham,* 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978).

■ The lower court's statement of reasons for its sentence is as follows:

We have imposed a sentence of total confinement after having due regard to the nature and circumstances of the crimes and the history, character and condition of the defendant. From that and from the extensive pre-sentence investigation report which was submitted to this Court in this matter, it is the opinion of the Court that total confinement of the defendant is necessary because there is an undue risk that during a period of probation or partial confinement the defendant would be likely to commit another crime or crimes.

We feel that he is in need of correctional treatment that can best be provided most effectively by his commitment to a state correctional institution and we feel that a lesser sentence would depreciate or lessen the seriousness of the crimes of the defendant. Defendant will stand committed.

Here, even though the lower court indicated that it considered the nature and circumstances of the crimes, the history, character and condition of appellant, and appellant's presentence report, we are unpersuaded that these remarks constitute a statement of reasons which comports in quality and length with that envisioned by the drafters of the Sentencing Code. *See Commonwealth v. Wicks, supra.* Thus, we are required to remand this case for resentencing.

As to appellant's contention that his sentence is excessive, this allegation is meritless. Also, regarding the addi-

tional issue raised by appellant alleging that his presentence report was inaccurate and thus appellant's trial counsel was ineffective, appellant, at his next sentencing hearing, will have an opportunity to correct any alleged inaccuracies in the report.

■ Appellant's final issue concerns whether his theft conviction should merge with his robbery conviction for sentencing purposes. The facts constituting the theft conviction are the same as those involved with his robbery conviction; therefore, appellant's theft conviction does merge with his robbery conviction for sentencing purposes. *Commonwealth v. Moore*, 300 Pa.Super. 488, 446 A.2d 960 (1982). Since appellant received a two-year probationary period for theft which is to be served consecutive to his robbery sentence, the lower court will correct this sentence at the time of appellant's new sentencing proceedings.

Affirmed in part; reversed in part; judgment of sentence vacated and the case is remanded for a hearing on the ineffectiveness claim. If the hearing court does not find counsel to be ineffective and a new trial warranted, then the sentencing judge will conduct proceedings consistent with the dictates of this Opinion. Jurisdiction is relinquished.