J-S36010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTIAN BAER, | |
| Appellant | No. 1206 WDA 2014 |

Appeal from the Judgment of Sentence June 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016213-2013

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

DISSENTING MEMORANDUM BY JENKINS, J.:  **FILED SEPTEMBER 14, 2015**

I respectfully dissent from the majority's decision to reverse Christian Baer's judgment of sentence.

The majority construes the record to state that the trial court found Baer guilty of robbery under 18 Pa.C.S. § 3701(a)(1)**(i)** ("subsection 1") and sentenced him to 3-10 years' imprisonment plus 10 years' consecutive probation under subsection 1.  The majority further concludes that the evidence was insufficient to sustain Baer's conviction under this subsection.

In my view, the record demonstrates that the trial court convicted and sentenced Baer guilty of robbery solely under 18 Pa.C.S. § 3701(a)(1)**(ii)** ("subsection 2").  This point becomes inescapable upon examination of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

1

notes of testimony, the court's comments at sentencing and the content of a Sentencing Guideline form that the court completed during sentencing. The references to subsection 1 in the order of sentence and commitment form are mere clerical errors that the trial court should have the opportunity to correct.

Subsection 1 provides that a person is guilty of robbery if he "inflicts serious bodily injury upon another" in the course of committing a theft. Subsection 2 provides that a person is guilty of robbery if he "threatens another with or intentionally puts him in fear of immediate serious bodily injury" in the course of committing a theft.

Page 2 of the information against Baer defines Count I as follows:

> The District Attorney of Allegheny County, by this information charges that … [Baer] did commit the crime or crimes indicated herein, that is:
>
> Count I      ROBBERY-SERIOUS BODILY INJURY      Felony I
>
> [Baer] in the course of committing a theft, either inflicted serious bodily injury upon Sean Lynn, threatened that person or persons with, or put that person in fear of immediate serious bodily injury, *in violation of Section 3701(a)(1)(i) or (ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 3701(a)(1)(i) or (ii).*

Information at 2 [emphasis added]. This text clearly establishes that Baer was charged with robbery under both subsections 1 *and* 2.[1,2]

_____

[1] On another page, the information states that Count I only charges Baer under subsection 1. Information, p. 1 (referring to Count I as "183701A1I: Robbery – serious bodily injury"). Nevertheless, the citation to subsection 2
*(Footnote Continued Next Page)*

Following trial, the court inscribed its verdict, "guilty on count I", on page 1 of the information beneath the reference to subsection 1 ("Count I: 183701A1I: Robbery – serious bodily injury"). From this placement of the verdict, the majority infers that the trial court only found Baer guilty under subsection 1. I view this detail differently. Since page 2 of the information states that Count I includes subsections 1 *and* 2, "guilty on count I" could have multiple meanings; it could mean that the court found Baer guilty under subsection 1, or subsection 2, or both subsections. Standing alone, the verdict is ambiguous.

The sentencing proceedings clear up this ambiguity by showing that the court found Baer guilty and sentenced Baer under subsection 2. The court stated that a "standard range sentence" was appropriate, and that the standard range under the Sentencing Guidelines for Baer's offense was 36-48 months' imprisonment. N.T., 6/25/14, at 5-6. The court thereupon sentenced Baer to 3-10 years' imprisonment plus ten years' consecutive probation. *Id*. at 6. Attached to the sentencing order was a Sentencing Guideline form which explicitly stated that Baer's sentence was for a

_(Footnote Continued)_ ────────────────

on page 2 of the information makes clear that Count I charged Baer under both subsections 1 and 2.

[2] Count II of the information charged Baer with criminal mischief. The trial court subsequently found Baer not guilty on this count.

violation of subsection 2, that his offense gravity score ("OGS") was 10, and that his prior record score ("PRS") was 2.

The Sentencing Guideline form's reference to subsection 2 and its description of the offense as "Robbery – threatens s.b.i." is unmistakable evidence that the court sentenced Baer under subsection 2.[3]  The court's approval of a "standard range" sentence of 36-48 months compels the same conclusion.  The Guidelines do not provide a standard range sentence of 36-48 months' imprisonment for a violation of subsection 1.  The OGS for a violation of subsection 1 is 12, *see* 204 Pa. Code § 303.15, but there are no standard range sentences of 36-48 months' imprisonment for offenses with an OGS of 12.  *See* 204 Pa. Code § 303.16(a) (basic sentencing matrix).  On the other hand, a standard range sentence of 36-48 months is possible for a violation of subsection 2.  The OGS for a violation of subsection 2 is 10.  *See* 204 Pa. Code § 303.15.  When, as here, the defendant has an OGS of 10 and a PRS of 2, the standard range sentence is 36-48 months' imprisonment.  *See* 204 Pa. Code § 303.16(a).  Consequently, the decision to impose a "standard range" sentence of 36-48 months' imprisonment

_____

[3] The majority notes that "the [S]entencing [G]uideline form is not an order of the court and carries no dispositive authority." Majority Memorandum, at 7 n. 3.  While I agree that this form is not an order of court, it still is record evidence that the trial court imposed sentence under subsection 2.

illustrates that the court found Baer guilty, and sentenced him, only under subsection 2.

The evidence adduced during trial provides ample justification for the court's decision to convict Baer under subsection 2. The victim, Shawn Daniel Lynn, biked over to Charlene Marish's apartment after Marish sent Lynn a text message stating that she had a bad argument with her live-in boyfriend, Baer. Shortly after Lynn's arrival, Baer and several other persons entered the apartment, and Baer accused Lynn of visiting Marish for the sole purpose of having sex with her. Baer removed a sword from the wall, pointed it at Lynn from 6-8 feet away, and told Lynn that he would have to leave the apartment naked or Baer would beat him up. Lynn stripped off his clothing and left the apartment, leaving behind his bicycle and a backpack containing clothing and a scrapbook. Baer took Lynn's cellphone from his hooded sweatshirt and broke it in half. N.T., 4/14/14, at 8-14.

I agree with the majority that this evidence was insufficient to convict Baer under subsection 1, because Baer did not inflict serious bodily injury on Lynn. But under subsection 2, the evidence against Baer was overwhelming: in the course of committing a theft, and while brandishing a sword, Baer verbally threatened to beat Lynn up and intentionally put Lynn in fear of immediate serious bodily injury. *Commonwealth v. Mills*, 480 A.2d 1192, 1195 (Pa.Super.1984) (for purposes of subsection 2, evidence that defendant made several thrusts with his knife toward victim while

threatening that he would like to stab victim was sufficient to prove that defendant threatened victim or put him in fear of immediate serious bodily injury).

Because the record supports Baer's conviction and sentence under subsection 2, the references to subsection 1 in the sentencing order and commitment form are mere clerical errors. The trial court has the inherent authority to correct clear clerical errors or patent and obvious mistakes in a sentencing order, even if more than thirty days have passed since entry of the order. **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa.Super.2014). I respectfully submit that the proper remedy in this case is to affirm Baer's conviction and to remand to the trial court for correction of the order of sentence and commitment form to state that his sentence is under subsection 2.

Accordingly, I respectfully dissent.