J-S29038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                                 :                PENNSYLVANIA
                                                 :
             v.                                   :
                                                 :
                                                 :
TROY ROBERT KASSA                 :
                                                 :
              Appellant             :      No. 2139 EDA 2019

Appeal from the Judgment of Sentence Entered May 2, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003232-2017

BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED JULY 17, 2020**

     Troy Robert Kassa (Kassa) appeals the judgment of sentence entered
by the Court of Common Pleas of Chester County (trial court).  After a jury
trial, Kassa was found guilty of several related offenses[1] and sentenced to an
aggregate prison term of five-and-a-half to eleven years.  In his sole issue on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Kassa was convicted of aggravated assault – attempting serious bodily injury
(18 Pa.C.S. § 2702(a)(1)(4)); aggravated assault – bodily injury with a deadly
weapon (18 Pa.C.S. § 2702(a)(4)); possession of firearm prohibited (18
Pa.C.S. § 6105(a)(1)); firearms not to be carried without a license (18 Pa.C.S.
§6106(a)(1)); possession of an instrument of crime (18 Pa.C.S. § 907(a));
and recklessly endangering another person (18 Pa.C.S. § 2705)).  ***See*** Verdict
Slip, 2/1/2019, at 1-3.  The jury found Kassa not guilty of a third count of
aggravated assault.  ***Id***.  Prior to trial, a charge of attempted murder in the
first degree was dismissed.

appeal, Kassa contends that his sentence must be vacated because the trial court relied on an improper sentencing factor. For the reasons below, we find merit in Kassa's claim, vacate the judgment of sentence, and remand for a resentencing.

**I.**

In 2017, Kassa instigated a gunfight that resulted in a non-fatal wound to the shoulder of Maurice Corporal.[2] The episode began when Kassa's friend, Tahnay Boggs, told him that Corporal had robbed her at gunpoint during an illicit drug transaction. They, along with Michael Martinez,[3] decided to confront Corporal at his residence to recover what he had taken. Gunfire broke out and Kassa was soon arrested on charges stemming from the shooting.

While Kassa was incarcerated and awaiting trial, he was recorded speaking on the telephone to friends and family about Martinez, whose presence the Commonwealth was later unable to secure for trial, resulting in the exclusion of Martinez's statements to police. At trial, the Commonwealth introduced four such calls that Kassa made to his mother, father and sister. *See* Trial Transcript, 1/31/2019, at pp. 78-83.

---

[2] The material facts of this case are not in dispute and the summary provided here is gleaned from the certified record.

[3] Martinez is Kassa's nephew, but he is only two years younger than Kassa.

Of most relevance here is a call Kassa had with his sister in which he responded, "no, no, no, no" after being told that Martinez would be returning to Pennsylvania from out of state. *See* Commonwealth Trial Exhibit 32D. Further, in a subsequent call with his father, Kassa learned that Martinez had returned to Pennsylvania, and Kassa replied, "He can't be down here, he can't be down here." *See* Commonwealth Trial Exhibit 32C. He then asked his father to "put him up at your house, or, or send him back up there." *Id*. The gist of the calls was that Kassa did not want Martinez to testify at his trial because he was worried it would be incriminating. There was no evidence that Kassa actually interfered with the Commonwealth's ability to locate Martinez.

The jury found Kassa guilty. The Commonwealth then submitted a sentencing memorandum asserting that Kassa's "statements on the prison calls were obstructive." Sentencing Memorandum, 5/1/2019, at 4. At the sentencing hearing, the Commonwealth urged the trial court to consider the calls as evidence that Kassa had unlawfully sought to prevent Martinez from testifying, warranting a harsher sentence than Kassa should otherwise receive. *See* Transcript of Sentencing Hearing, 5/2/2019, at pp. 20-21.

The defense countered that Kassa's recorded calls were not proper considerations for sentencing because the conduct fell short of a criminal act. *Id*. The trial court responded that even though the Commonwealth had not separately charged Kassa with a crime relating to the recorded prison calls,

- 3 -

they would nonetheless be taken into account as a "significant aggravating factor" in sentencing:

> **I'm also taking into consideration and this has significant weight in my mind**, I agree with [defense counsel], you were not charged with obstructing justice or with witness tampering, but **it is unequivocally clear to me** from hearing those reported prison telephone calls, **that you were actively attempting to prevent the Commonwealth from locating Michael Martinez**, including most importantly in having him be anywhere in this area, and that you had a keen interest in keeping him away so that he couldn't testify, potentially testify against you at trial, **and I think that is a significant aggravating factor for the sentence that I will be imposing in this case.**

*Id*. at pp. 44-45 (emphases added).

Kassa timely moved to modify his sentence on the ground that he could not legally be punished more harshly based on the uncharged and unproven crime of preventing a witness's testimony. *See* Post-Sentence Motion, 5/10/2019. After a hearing, the trial court denied his post-sentence motion. *See* Transcript of Post-Sentence Motion Hearing, 6/13/2019, at pp. 2-16; *see also* Order on Post-Sentence Motion, 6/28/2019, at 1.

The trial court did not outline its reasoning for the denial at the hearing or in a separate written opinion, but rather included that rationale in a lengthy footnote to the order that well exceeded a full single-spaced page. *See* Order on Post-Sentence Motion, 6/28/2019, at 2-3 n.1. The most material portion of that footnote reads as follows:

> [Kassa] alleges that his "aggregate sentence of 5.5 to 11 years was excessive under the circumstances." Specifically, [Kassa] takes issue with the court's statement on the record that it considered that [Kassa] "prevented a witness from testifying"

when pronouncing its sentence. This witness, Michael Martinez, was allegedly present at the scene of the shooting and was unable to be located by law enforcement prior to trial. A recorded prison phone call was played during the trial in which [Kassa] stated, in an agitated voice, the word "no" multiple times when he was informed that Mr. Martinez may be present in Pennsylvania. [Kassa] then made it clear that he did not desire for Mr. Martinez to be present in the Commonwealth at that time, and the prosecution properly argued that a reasonable inference could be drawn that this was to ensure he did not testify in this trial.

This motion now argues that Mr. Martinez's failure to testify cannot be held against [Kassa], who should not serve additional prison time because he "prevented" Mr. Martinez from testifying. At the hearing . . . counsel characterized the prison call as [Kassa] "expressing his preference" that Mr. Martinez not testify, and that the court's use of the word "prevent" implied some proactive step that [Kassa] did not take. The motion itself emphasizes that "there was no evidence presented at trial that would suggest that [Kassa] used force or threat of force to stop a witness from testifying. If a witness did not cooperate with the police in the investigation, that decision was made of their own free will." ([Kassa's] Post Sentence Motion, Paragraph 4).

However, as the court indicated on the record at the hearing, the use of the word "prevent" may have been an imprecise description of [Kassa's] conduct. **Ultimately, the court was weighing [Kassa's] strong desire that Mr. Martinez not testify against him, regardless of the semantic distinction. [Kassa's] emphatic expression of his desire for Mr. Martinez to be unavailable to testify implies that such testimony would have been harmful to him, and reflects an attempt to evade culpability for shooting the victim. While it is unknown precisely why Mr. Martinez was not available to testify at this trial, the court gave that circumstance minimal weight when considering its standard range sentence. For those reasons, [Kassa's] motion to modify sentence is denied**.

*Id*. (emphasis added).

Kassa timely appealed and in its 1925(a) opinion, the trial court acknowledged that at the sentencing, it had considered Kassa's hope for

- 5 -

Martinez's absence as "an aggravated factor in determining [Kassa's] sentence." 1925(a) Opinion, 12/19/2019, at 5-6. With respect to the "factual and legal basis for the court's decision to include this circumstance in its consideration" of the sentence, the trial court incorporated the footnoted discussion in its earlier order denying post-sentence relief. *Id*. at 6; ***see also*** Order on Post-Sentence Motion, 6/28/2019, at 2-3 n.1.

In his appellate brief, Kassa raises one issue: whether the trial court erred in considering the uncharged and unproven crimes of obstruction and witness tampering as a "significant aggravating factor" at sentencing. ***See*** Appellant's Brief, at 4. The Commonwealth seems to agree with Kassa's general proposition that the trial court could not consider Kassa's unproven obstruction as a valid sentencing factor. Rather than take issue with that point, the Commonwealth instead adopted the trial court's justifications for affirmance: (1) only Kassa's desire for the unavailability of Martinez was considered, and (2) Kassa's prison calls received "minimal weight." ***See*** Appellee's Brief, at 23-24 (quoting Order on Post-Sentence Motion, 6/28/2019, at 2-3 n.1.).

## II.

## A.

Kassa argues here that his judgment of sentence must be vacated because the trial court improperly considered unproven and uncharged crimes as "significant" sentencing factors.[4]

"In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative

---

[4] Since Kassa's sentence falls below the maximum term that could have legally been imposed, he is challenging a discretionary aspect of the sentence. Before addressing the merits of such a claim, this Court must ensure that Kassa (1) timely filed a notice of appeal; (2) properly preserved the issue; (3) filed an appellate brief with no fatal defect; and (4) raised "substantial question" of whether his sentence is appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *See Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). As the Commonwealth concedes in its brief, Kassa's claim in this appeal satisfies all four of those requirements. *See* Appellee's Brief, at 7-8; *see also Commonwealth v. Peck*, 202 A.3d 739, 746 (Pa. Super. 2019) ("[A]ssertions that the trial court relied on improper sentencing factors raise substantial questions for our review."). On review of a claim involving a discretionary aspect of a sentence, we apply an abuse of discretion standard. *See Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007).

needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 846 (Pa. Super. 2006).

An appellate court must vacate a sentence and remand if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3).[5] A sentence falling within the statutory guidelines may also be found invalid if the trial court relied on improper considerations such as an uncharged and unproven crime. ***See Commonwealth v. Chase***, 530 A.2d 458, 461 (Pa. Super. 1987).[6] While proven or admitted criminal conduct may sometimes be used against a defendant at sentencing in the absence of a conviction, "uncharged criminal conduct may not be used . . . when the record is devoid of the necessary

---

[5] When reviewing the record on appeal from a sentencing issue, an appellate court must evaluate:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> **(3) The findings upon which the sentence was based.**
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d) (emphasis added).

[6] On further review in ***Chase***, our Supreme Court left intact our mandate for the defendant to be resentenced, but remanded the case for this Court to consider the merits of issues found to have been waived in the direct appeal. ***See Commonwealth v. Chase***, 548 A.2d 1224 (Pa. 1988).

evidentiary link between the defendant and the uncharged prior conduct." ***Commonwealth v. P.L.S.***, 894 A.2d 120, 131 (Pa. Super. 2006).

Where a sentence is imposed by a trial court with that kind of improper consideration in mind, it is irrelevant whether and to what extent the court also relied on permissible factors: "a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well." ***Commonwealth v. Bethea***, 379 A.2d 102, 106 (Pa. 1977).

Similarly, "the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant." ***Commonwealth v. Karash***, 452 A.2d 528, 528-29 (Pa. Super. 1982) (internal citations omitted). If a trial court decides for the first time at sentencing that the elements of uncharged and unproven crimes have been established, a defendant is "effectively convicted and sentenced . . . for conduct and intent [he] had not admitted and could not prepare to address." ***Commonwealth v. Rhodes***, 990 A.2d 732, 747 (Pa. Super. 2009).

At the sentencing hearing on May 2, 2019, the trial court found that Kassa's conversations about the prospect of Martinez testifying would be taken "into consideration" because they had "significant weight" in the trial court's mind. Transcript of Hearing on Post-Sentence Motion, 5/2/2019, at pp. 44-

45. The trial court agreed with defense counsel that obstruction of justice and witness tampering had not been charged, but found it "unequivocally clear" that Kassa was "actively attempting to prevent the Commonwealth from locating [the witness]." *Id*. at 45. In the same breath, the trial court again emphasized, "I think that is a ***significant aggravating factor*** for the sentence that I will be imposing in this case." *Id*. (emphasis added). The subject sentencing orders were entered later that day.

On these facts, the trial court clearly abused its discretion. The record demonstrates that no evidence supported the notion that Kassa actively sought to keep a witness from testifying.[7] Kassa could not be sentenced as if he had done so.

**B.**

It is implicit from the analysis provided by the Commonwealth and the trial court that they at least agree in part with Kassa that if it were indeed the case that his phone calls were treated as crimes and factored into the trial court's sentencing determination, then it would constitute reversible error.

---

[7] Kassa correctly stressed that in order for his phone calls to become part of a criminal act, he would also have had to take an affirmative step through either force or intimidation against Martinez, none of which was ever alleged, much less proven here. Obstruction of justice requires an intentional act to impede the administration of justice through "force, violence, physical interference or obstacle[.]" 18 Pa.C.S. § 5101. The crime of witness intimidation requires him to intimidate or attempt to intimidate any witness or victim. *See* 18 Pa.C.S. § 4952. In this appeal, the Commonwealth does not dispute that Kassa's guilt for such offenses was never proven.

The trial court and the Commonwealth instead turn to the account of Kassa's sentencing as set forth in the subsequent order denying Kassa's post-sentence motion. *See* Order on Post-Sentence Motion, 6/28/2019, at 2-3 n.1.

There, the trial court explained that it was "imprecise" for it to say at sentencing that Kassa had sought to "prevent" Martinez from testifying because there was no evidence to that effect. *Id*. at 3 n.1. Rather, the trial court claimed it only *meant* to say that Kassa's *desire* for Martinez not to testify somehow revealed "an attempt to evade culpability for shooting the victim." *Id*. The trial court reasoned further that the sentence was valid because Kassa received a term within the standard range, and his wish for Martinez's absence was afforded "minimal weight." *Id*.

None of those grounds for affirmance has merit. First, a defendant's "desire" for a witness not to testify against him is indisputably a rather common sentiment of the accused in almost all cases, regardless of their innocence or guilt. The expression of that desire does not logically reflect "an attempt to evade culpability" any more than would a motion to exclude a witness from trial on evidentiary grounds. To the extent that the trial court misspoke or was misinterpreted at the sentencing hearing in this respect, a resentencing would still be warranted to remedy the trial court's consideration of an improper sentencing factor.

The second part of the trial court and Commonwealth's argument for affirmance – that "minimal weight" was assigned to Kassa's phone calls about

Martinez – is equally unpersuasive. Again, we note that at the sentencing hearing, the trial court was adamant that this same evidence would be given "significant weight." The stark contrast between the antonyms "minimal" and "significant" cannot be reconciled in any sensible manner.

For guidance as to which of the two terms takes precedence, we need only turn to the Sentencing Code, which states: "In every case . . . the court shall make as a part of the record, and disclose in open court **at the time of sentencing**, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721 (emphasis added). "The policy underlying th[is] requirement . . . is found in the need to make public 'the thought process by which [s]he arrives at a particular sentence.'" *Commonwealth v. Mills*, 480 A.2d 1192, 1198 (Pa. Super. 1984) (quoting *Commonwealth v. O'Brien*, 422 A.2d 894, 895 (Pa. Super. 1980)). The statement affords the reviewing court "some basis upon which to fully comprehend and fairly review the actions of the sentencing court" and shields "against arbitrary sentencing decisions while, at the same time, discouraging the entertainment of improper or irrelevant factors." *Mills*, 480 A.2d at 1198.

It follows here that the trial court's pronouncements in open court at the time of sentencing must trump the inconsistent version of those proceedings that the trial court later detailed in a footnote to the order denying relief. The declaration in open court that Kassa's calls had significant weight is for present purposes the only reflection of the trial court's thought process.

Additionally, and as discussed above, the law is clear that the consideration of any improper sentencing factor warrants a resentencing, regardless of whether proper factors were also taken in mind by the trial court. *See Bethea*, 379 A.2d at 106. So even if we were to accept that the trial court gave the subject phone calls minimal weight, it would still be improper, rendering the sentence invalid. Thus, for the foregoing reasons, the judgment of sentence cannot stand and Kassa must be resentenced.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20